**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **HOWARD MORRIS, III** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV -09-81-R** |
| | ) | |
| **RANDY WORKMAN,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **THE ATTORNEY GENERAL OF** | ) | |
| **THE STATE OF OKLAHOMA.** | ) | |

**MEMORANDUM IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS**

Respectfully submitted,

s/Bill Zuhdi
Bill Zuhdi, OBA #10013
Bill Zuhdi Attorney at Law, P.C.
P.O. Box 1077
Oklahoma City, OK 73101
(405)232-1400 (office)
(405)755-9686 (facsimile)
Zlawoffice@aol.com (e-mail)
ATTORNEY FOR PETITIONER

-1-

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF CASE AUTHORITIES, STATUTES, CITATIONS AND RULES . . . . . . 3

GROUNDS ONE AND TWO COMBINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
**THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN**
**OVERRULING MR. MORRIS'S MOTION FOR MISTRIAL**
**VIOLATING HIS SIXTH, EIGHTH, AND**
**FOURTEENTH AMENDMENT RIGHTS, WARRANTING REVERSAL**
**OF HIS CONVICTION AND SENTENCE AND**
**MR. MORRIS WAS DENIED HIS RIGHT TO BE PRESENT**
**AT ALL CRITICAL STAGES OF THE TRIAL PROCEEDINGS**

GROUND THREE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
**MR. MORRIS RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL**
**COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH**
**AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**

GROUND FOUR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
**PROSECUTOR MISCONDUCT DENIED**
**MR. MORRIS' RIGHT TO A FAIR TRIAL IN VIOLATION**
**OF THE SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS**
**OF THE UNITED STATES CONSTITUTION**

GROUND FIVE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
**THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT**
**TO SUSTAIN MR. MORRIS' CONVICTION FOR FIRST DEGREE MURDER**
**AND THEREFORE HIS CONVICTION**
**VIOLATED THE DUE PROCESS CLAUSE OF THE 14TH**
**AMENDMENT OF THE U.S. CONSTITUTION**

GROUND SIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
**THE TRIAL ERRORS COMPLAINED OF HEREIN**
**CUMULATIVELY DENIED MR. MORRIS'S RIGHT**
**TO A FAIR TRIAL UNDER THE UNITED STATES AND OKLAHOMA**
**CONSTITUTION AND THEREFORE, HIS CONVICTION**
**AND SENTENCE MUST BE REVERSED**

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

**TABLE OF CASE AUTHORITIES, STATUTES, CITATIONS AND RULES**

<u>**CASE AUTHORITIES**</u>

*Boltz v. Mullin*, 415 F.3d 1215, 1230 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Donnelly v. CeChristoforo*, 416 U.S. 637, 645, 94 S.Ct. 1868, 1872,
     40 L.Ed. 2d 431 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Early v. Packer*, 537 U.S. 3, 7-8 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hooper v. Mullin*, 314 F.3d 1162, 1169 (10th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hoxsie v. Kerby,* 108 F.3d 1239, 1245 (10th Cir.1997), *cert. denied,* 522 U.S. 844,
     118 S.Ct. 126, 139 L.Ed.2d 77 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961) . . . . . . . . . . . . . . . . 7

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2787,
     61 L.Ed.2d 560 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19,23,24

*Morris v. Taylor*, 529 U.S. 362, 402-03 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

*Remmer v. United States*, 347 U.S. 227, 229 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Smith v. Phillips*, 455 U.S. 209, 217, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982) . . . . . . . 7

*Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct 2052, 2065,
     80 L.Ed 2d 674 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,14,15

*United States v. Day*, 830 F.2d 1099, 1106 (10th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Bradshaw*, 787 F.2d 1385 (10th Cir.1986) . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Gigax*, 605 F.2d 507, 515 (10th Cir.1979) . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Laymon*, 621 F.2d 1051, 1053 (10th Cir.1980) . . . . . . . . . . . . . . . . . . . 8

*United States v. McKneely*, 69 F.3d 1067, 1080 (10th Cir.1995) . . . . . . . . . . . . . . . . . . 36

*United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir.1990) . . . . . . . . . . . . . . . . . . . . . 25

*United States v. Washita Construction Co.,* 789 F.2d 809, 821 (10th Cir.1986) . . . . . . . 8

## <u>STATUTORY AUTHORITIES</u>

28 U.S.C. § 2254(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, passim

28 U.S.C. § 2254(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, passim

OKLA. STAT. tit, 21 § 1123(A)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## <u>CONSTITUTIONAL AUTHORITIES</u>

U.S. Const. amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, passim

U.S. Const. amend. VI  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, passim

U.S. Const. amend. VIII  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, passim

U.S. Const. amend. IVX  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, passim

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

HOWARD MORRIS, III        )
                                   )

             Petitioner,      )
                                   )

vs.                            )       Case No. CIV -09-81-R
                                   )

RANDY WORKMAN,        )
                                   )

             Respondent,     )
                                   )

THE ATTORNEY GENERAL OF   )
THE STATE OF OKLAHOMA.     )

**MEMORANDUM IN SUPPORT OF PETITION**
**FOR WRIT OF HABEAS CORPUS**

COMES NOW, Petitioner Howard Morris, III ("Mr. Morris" and/or "Petitioner") by and through his attorney Bill Zuhdi, respectfully submits this Memorandum and Brief in Support of his Petition for Writ of Habeas Corpus.

**STANDARD OF REVIEW**

Petitioner's habeas action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pursuant the AEDPA, a petitioner is entitled to relief if his claim has been adjudicated on the merits by the state court and if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § § 2254(d)(1) & 2254(d)(2); *Morris v. Taylor*, 529 U.S.

362, 402-03 (2000); *see also Early v. Packer*, 537 U.S. 3, 7-8 (2002). Thus, when a state court applies the correct federal law to deny relief, a federal court will only grant relief if the state court applied federal law in an objectively unreasonable manner. *Hooper v. Mullin*, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, a federal habeas court must presume state court factual findings to be correct and require the petitioner to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hooper*, 314 F.3d at 1167. Questions of law are reviewed *de novo* and questions of fact are reviewed for clear error. *Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). Grounds One through Six herein were raised by Mr. Morris in his brief of appellant which was filed in the Oklahoma Court of Criminal Appeals. The court rendered its decision by opinion which affirmed Petitioner's conviction on October 24, 2007.

**Grounds One and Two (Combined):**

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING MR. MORRIS'S MOTION FOR MISTRIAL VIOLATING HIS SIXTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS, WARRANTING REVERSAL OF HIS CONVICTION AND SENTENCE AND MR. MORRIS WAS DENIED HIS RIGHT TO BE PRESENT AT ALL CRITICAL STAGES OF THE TRIAL PROCEEDINGS (Raised as Propositions One and Two in Direct Appeal)**

**INTRODUCTION**

The trial court erred in denying Mr. Morris's motion for a mistrial after the judge met privately with jurors. Further, the trial court erred in not granting the motion for mistrial. The OCCA erred in finding the trial court judge did not abuse her discretion in denying the

motion for new trial.  Further, Mr. Morris was denied his constitutional and statutory rights to be present at all critical stages of trial when the judge met privately with the jury to discuss their security concerns.  The OCCA erred in finding under the circumstances of his case, no violation of Morris's statutory right to be present at trial occurred.

## ARGUMENT AND AUTHORITIES

The trial court's error in not declaring a mistrial violated Mr. Morris's due process rights.  Mr. Morris's rights under the United States Constitution were violated by the trial court's error, which affected the very foundation of the trial, requiring reversal of his judgment and sentence and warranting remand for a new trial.  The OCCA's subsequent finding on Mr. Morris's direct appeal of this issue was erroneous that the judge's ruling on the motion for mistrial was amply supported by the record and the trial court did not abuse its discretion in denying the motion for mistrial (Opinion at pgs. 3, 4).

The "...right to a trial by an impartial jury lies at the heart of due process." *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). Due process requires both "a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." *Smith v. Phillips*, 455 U.S. 209, 217, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982).

A trial court's decision as to how to proceed in response to allegations of juror misconduct will not be reversed except for abuse of discretion. *United States v. Bradshaw*, 787 F.2d 1385 (10th Cir.1986); *United States v. Day*, 830 F.2d 1099, 1106 (10th Cir.1987).

"Whether a motion for a mistrial should be granted is within the discretion of the trial judge because he is in the best position to evaluate the effect of the offending evidence on the jury." 830 F.2d at 1106 (quoting *United States v. Laymon*, 621 F.2d 1051, 1053 (10th Cir.1980)). *United States v. Washita Construction Co.,* 789 F.2d 809, 821 (10th Cir.1986) (outcome of trial not affected where juror involved in ex parte communication was dismissed).

In its opinion, the OCCA held that, "Because each juror expressed willingness to fully and fairly listen to all of the evidence, and because each juror denied discussing the case..." the trial court's denial of Petitioner's motion for mistrial was "not clearly against the logic and effect of the facts presented." (Opinion at pg. 4).  Petitioner Morris submits the record demonstrates just the opposite and the OCCA's noting in footnote 1 that a juror had stated "If we don't convict the guy, we're going to turn him loose in the community" evidences this point (Vol. 3, Tr. 54).  Clearly, this admission by Juror Myer indicates that the juror was not and could not be fair and impartial to Mr. Morris, bias against Mr. Morris had been formed in Mr. Myer's mind and Mr. Myer's admission went to the core of the merits of the case, that Mr. Morris needed to be found guilty. Juror Myer had already decided that Mr. Morris needed to be convicted because the jury needed to "convict the guy" or he was going to be "turn[ed] loose in the community." (Vol. 3, Tr. 54).   Though Juror Myer told the court he could be fair and impartial and he had not decided the case yet, Juror Myer's statement belies this position (Vol. 3, Tr. 54).  Accordingly, the trial court's decision to deny Mr. Morris's motion for mistrial was contrary to law and violated his due process rights and the OCCA

erred in its finding that the trial court judge did not abuse her discretion in denying the motion for mistrial (Opinion at pg. 4).

Moreover, Mr. Morris was denied his right to be present at all critical stages of the trial proceedings (See Proposition Two of Brief of Appellant).  The OCCA's finding was erroneous that "Because the record shows that this brief meeting between the judge and jury was on a subject unrelated to the merits of the case, the meeting and resulting communications between the judge and jury did not impact Morris's ability to defend against the charges..."  Further, the OCCA erred in finding there was no "constitutional violation." (Opinion at pgs. 5,6).  As is set forth above, Juror Myer's admission evidences that the juror was not fair and impartial to Mr. Morris.  He clearly had bias against Mr. Morris.  Juror Myer's decision that Mr. Morris needed to be convicted because the jury needed to "convict the guy" or he was going to be "turn[ed] loose in the community"[1] went to the core of the merits of the case.  In Juror Myer's mind, Mr. Morris needed to be found guilty. Therefore, Mr. Morris should have been present during the communications and the "meeting" between the jurors and the judge.  Mr. Morris obviously needed to defend himself against the charges and against Juror Myer's voiced belief that Mr. Morris needed to be convicted of the crime with which he was charged or he would be turned loose on the community.  The OCCA's finding was erroneous that under the circumstances of Mr. Morris's case, there was no violation of his statutory right to be present at trial (Opinion at pg. 6).  The record shows the

---

[1](Vol. 3, Tr. 54).

exchange between Juror Myer and the judge (as well as the other jurors) involved the merits of the case prior to the jury beginning deliberations and dealt with Mr. Morris's guilt or innocence of the charges and the need to convict him of the charges in order to keep him off the streets.

In a criminal case, any private communication with a juror during trial about the matter pending before the jury is deemed presumptively prejudicial. *Remmer v. United States*, 347 U.S. 227, 229 (1954). The burden rests on the government to establish after hearing and notice that such contact was harmless. 347 U.S. at 229. In a hearing with all parties present, the trial court should determine the circumstances, impact on the juror, and whether or not the communication was prejudicial. *United States v. Gigax*, 605 F.2d 507, 515 (10th Cir.1979).

The statements Juror Myer made were related to the merits of the case as is evident by the juror's statement to the Court and other jurors that Mr. Morris needed to be convicted of the crime with which he was charged or he would be turned loose on the community. As was the case in *Remmer,* Juror Myer remained on the jury and was not dismissed. The meeting and resulting communications between the judge and the jury impacted Mr. Morris's ability to defend against the charges. Under the circumstances of his case, a violation of Morris's constitutional rights occurred and accordingly, this writ should issue.

## Ground Three:

## MR. MORRIS RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION
### (Raised as Proposition Four in direct appeal)

Petitioner Morris was denied his Sixth Amendment right to effective assistance of counsel. As a result of his counsel's ineffective assistance, he was unduly prejudiced, denied a fair trial and was wrongly convicted, in violation of his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. The OCCA's decision was contrary to Supreme Court law as set forth in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct 2052, 2065, 80 L.Ed 2d 674 (1984). Trial counsel was deficient in his performance and Petitioner Morris was prejudiced as a result. *Id*, 466 U.S. at 687. To show prejudice, Petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Trial counsel was ineffective in failing to move for a new trial on the basis of the alleged jury misconduct discussed in Grounds One and Two. Mr. Morris submits the record amply supports juror misconduct occurred during his trial, he was unduly prejudiced as a result and his conviction should be overturned on this basis as is argued in Grounds One/Two herein. However, if this Court determines the record was not amply supported or that the trial court should have reexamined the issues of fact and law regarding the misconduct of the jury, then Mr. Morris submits that trial counsel was ineffective in not moving for a new trial

on this basis.  Had trial counsel moved for a new trial, the trial court could have reexamined the issues of fact and taken more time to properly examine Juror Myers and the other jurors about what Mr. Morris submits was their fixed beliefs (prior to deliberation) of his guilt of the crime charged.  Trial counsel's failure in not filing a motion for a new trial, prevented the trial court from reexamining the issues of fact and law regarding the misconduct of the jury as set forth in Grounds One and Two herein.  Further, Petitioner was denied an avenue he submits may have led to a new trial without having to seek relief by appeal.

Further, trial counsel was deficient in his performance for failing to object to the prosecutor's improper comments discussed in Ground Four herein.  The OCCA erred in finding no merit in Mr. Morris's claims of prosecutorial misconduct.   As is set forth in Ground Four, Petitioner has asserted that he was unduly prejudiced due to the prosecutor's misconduct because the evidence of guilt was not overwhelming in his case and the prosecutor's comments were likely to have affected the verdict and sentence.  The OCCA was incorrect in its finding that Petitioner was not denied effective assistance of counsel and Petitioner submits the facts support this assertion.  See Ground Four of the Petition for Writ of Habeas Corpus and the recitation of the prosecutor's comments set forth therein at pgs. 9 and 10 of the writ.   See also Mr. Morris's arguments in Ground Four herein related to undue prejudiced suffered by Mr. Morris because of trial counsel's failure to object to the improper comments.

-12-

But for trial counsel's error in failing to object to the prosecutor's comments,[2] Mr. Morris would not have been found guilty.   Please see the prosecutor comments which Mr. Morris objected to on direct appeal and in his petition for writ of habeas corpus which are recited in Ground Four, pgs. 9, 10 of Petitioner's writ and recited once again in Ground Four of this Memorandum.

In closing, the prosecutor told the jury that there was no evidence presented that Demetria Tinner took the stand and didn't do anything but tell the truth.   But a review of Tinner's testimony reveals this was not the case.   Tinner admitted on cross-examination that in preliminary hearing, she had testified she answered "no" to the question of whether she recognized anybody at the scene (Vol. 2, Tr. 55, 56, 61, 62).   However, when the prosecutor told the jury that Tinner had told the truth, Mr. Morris was then forced to prove she wasn't being truthful.

The OCCA erred in finding no merit in Mr. Morris's prosecutorial misconduct assertions because when Mr. Morris testified at trial he denied beating the victim, denied knowing witnesses Brazille, Tinner, and Debose, and he had testified their testimony was a result of mistaken identity (Opinion at pg. 13).   Mr. Morris submits the OCCA's finding was contrary to U.S. Supreme Court law and contrary to his due process rights under the United States Constitution.   The burden was on the state to prove every element of murder in the first degree beyond a reasonable doubt.   Mr. Morris's testimony of mistaken identity was not

---

2

Trial counsel did not object to two of the comments (Vol. 3, Tr. 108, 146) and objected to a third remark but it was overruled by the trial court judge (Vol. 3, Tr. 157).

a permissible reason under the law to shift the burden of proof to him.  The prosecutor's comments complained of herein shifted the burden of proof and caused Mr. Morris's trial to be so fundamentally unfair, he was denied his due process rights.  *Donnell v. CeChristoforo*, 416 U.S. 637, 645, 94 S.Ct. 1868, 1872, 40 L.Ed. 2d 431 (1974).  Additionally, the OCCA's finding was based upon an erroneous statement of the facts of the case by the OCCA stating that Kurt Brazille testified that he saw Mr. Morris beating the victim Rodney Perry (Opinion at pg. 13).  At trial, Kurt Brazille had testified that the three men went back around the side of the grey car where Rodney Perry was laying and he could hear stomping and skin slapping (Vol. 2, Tr. 134, 137, 147, 148, 157).  Due to the prosecutor's comments where he shifted the burden of proof, Mr. Morris was in the position that he had to prove that the witnesses were not being truthful.  Mr. Morris believed the witness testimony was a result of mistaken identity, not that they were lying.  The prosecutor – through the unobjected to comments – placed the burden of proving that the witnesses were lying upon Mr. Morris, which was not related or relevant to his mistaken identity assertion. Trial counsel's failure to object to these comments and his failure to protect Mr. Morris's due process rights was ineffective and but for the ineffective conduct, the jury would not have been tainted against him, would not have had the burden of proof misstated, Mr. Morris would not have had his due process rights violated and he would not have been found guilty.

Applying the clearly established principles in *Strickland*, the OCCA's determination on this issue was contrary to and an unreasonable application of Supreme Court law.  Further, Petitioner has aptly demonstrated his counsel was ineffective based on the standards set forth

in *Strickland.*  He has shown there was a reasonable probability that but for his trial counsel's

unprofessional errors, the result of his trial proceedings would have been different.  Petitioner

has shown both deficient performance and prejudice and therefore, he should prevail on his

claim of ineffective assistance of counsel.  Petitioner's constitutional right to effective

assistance of counsel under the Sixth Amendment to the United States Constitution were

violated.  Habeas relief should be granted as to ineffective assistance of trial counsel.

### Ground Four:

### PROSECUTOR MISCONDUCT DENIED
### MR. MORRIS' RIGHT TO A FAIR TRIAL IN VIOLATION
### OF THE SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS
### OF THE UNITED STATES CONSTITUTION
### (Raised as Ground Five in Direct Appeal)

### INTRODUCTION

Mr. Morris was denied due process of law when the prosecutor improperly shifted the

burden of proof to him.  The shifting of the burden of proof to Mr. Morris by the prosecutor

was contrary to United States Supreme Court law.  The OCCA's decision was contrary to

Supreme Court law when the OCCA found that the prosecutor's comments were fair

comments on the issue raised by Mr. Morris when he testified (Opinion at pg. 14).

### ARGUMENT AND AUTHORITIES

The prosecutor wrongly shifted the burden of proof to Mr. Morris by the prosecutor's

repeated comments in closing arguments.  The prosecutor's remarks, set forth below, were

so fundamentally unfair that Mr. Morris was denied due process.

(By the prosecutor): This Defendant couldn't even give you a reason that these

people would all get together and do this.  *You've heard no*

*evidence that would indicate to you these people are not telling*

*you what they saw.*

(Vol. 3, Tr. 108, lines 8-11)

(By the prosecutor): There is no evidence presented in this case whatsoever that Demetria

Tinner took the stand to do anything but to tell you the truth.

(Vol. 3, Tr. 146, lines 5-7).

These two comments by the prosecutor were unobjected to by trial counsel.  However,

Mr. Morris submits they were so egregious in nature that plain error occurred and reversal

is warranted despite trial counsel's failure to object.

And then, regarding another instance where the prosecutor impermissibly shifted the

burden of proof which was objected to by trial counsel, the prosecutor stated:

(By the prosecutor): Second, the Defense never shows any reason to question eyewitness

credibility.  Mr. Box never establishes a conspiracy among those

individuals to lie.  *He has the right to present evidence of that and he*

*didn't.*  What can they gain by doing so?  And, secondly, wouldn't you

expect a more complete thorough and unquestionable story if they did

indeed conspire to lie.

Trial counsel:          Objection, Your Honor.  May I approach?

The Court:             You may.

-16-

Trial counsel:        Your Honor, I take issue with this part of the closing argument.  The

Defendant has no obligation to recall any testimony.  The burden is

strictly on the State of Oklahoma and any comment that the Defense is

lacking in putting on particular evidence I believe is improper.

(Vol. 3, Tr. 156, lines 24, 25 and Tr. 157, lines 1-13)

The judge then told trial counsel, "I don't believe that what he said shifts the burden. He just said that you never established that." (Vol. 3, Tr. 157).

The prosecutor told the jury that there was no evidence presented that Demetria Tinner took the stand and didn't do anything but tell the truth.  A review of Tinner's testimony reveals that this was not the case.  Tinner admitted on cross-examination that in the preliminary hearing she had testified that she answered "no" to the question of whether she recognized anybody at the scene (Vol. 2, Tr. 55, 56, 61, 62).  However, with the prosecutor telling the jury that Tinner told the truth, Mr. Morris was then forced to prove that she wasn't being truthful. The OCCA found no merit in the prosecutorial misconduct assertions because when Mr. Morris testified at trial he denied beating the victim, denied knowing witnesses Brazille, Tinner, and Debose, and that their testimony was a result of mistaken identity (Opinion at pg. 113).  Mr. Morris submits the OCCA's finding was contrary to U.S. Supreme Court law and contrary to his due process rights under the United States Constitution because the burden was on the state to prove every element of murder in the first degree beyond a reasonable doubt.  Mr. Morris's testimony of mistaken identity was not a permissible reason under the law to shift the burden of proof to him.  The prosecutor's comments complained

of herein shifting the burden of proof cause Mr. Morris's trial to be so fundamentally unfair that it denied him of his due process rights.  *Donnelly*, *supra.*  Additionally, the OCCA's finding was based upon an erroneous statement of the facts of the case by the OCCA stating that Kurt Brazille testified that he saw Mr. Morris beating the victim Rodney Perry (Opinion at pg. 13).  At trial, Kurt Brazille had testified that the three men went back around the side of the grey car where Rodney Perry was laying and he could hear stomping and skin slapping (Vol. 2, Tr. 134, 137, 147, 148, 157).  Due to the prosecutor's comments shifting the burden, Mr. Morris was now in the position that he had to prove that the witnesses were not being truthful.  Mr. Morris believed the witness testimony was a result of mistaken identity, not that they were lying.  The prosecutor through his comments had placed the burden of proving that the witnesses were lying, which was not related or relevant to his mistaken identity assertion.

Morris was denied due process by the prosecutor making improper remarks during closing argument, in violation of his due process rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  It is Mr. Morris's assertion that repeatedly during closing argument, the prosecutor shifted the burden of proof to Mr. Morris and such conduct was so egregious that reversible error is warranted.

Mr. Morris was unduly prejudiced due to the prosecutor's misconduct.  The evidence of guilt was not overwhelming in his case (*See Ground Five*) and Mr. Morris submits the prosecutor's comments were likely to have affected the verdict and sentence. Additional prejudice suffered by Mr. Morris due to the improper comments is set forth in Ground Three herein and incorporated within this Ground.  The Court of Criminal Appeals erred in finding

-18-

the prosecutor comments did not merit reversal and therefore, this writ of habeas corpus should be granted.

<u>                 </u>**Ground Five:**

**THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT
TO SUSTAIN MR. MORRIS' CONVICTION FOR FIRST DEGREE MURDER
AND THEREFORE HIS CONVICTION
VIOLATED THE DUE PROCESS CLAUSE OF THE 14TH
AMENDMENT OF THE U.S. CONSTITUTION
(Raised as Ground Five in the Direct Appeal)**

## INTRODUCTION

The conviction of Mr. Morris for murder in the first degree was wrongly upheld by the OCCA, sharply contrary to clearly established United States Supreme Court law.  COCA found that the jury's verdict alone verified that the verdict was proper.  If a jury verdict indeed validated all the encompassed law and facts, then there would be no need for review since all verdicts under the OCCA's reasoning would be proper.

## ARGUMENT AND AUTHORITIES

The decision by the OCCA was an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 319,  99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979) and therefore, the decision by the OCCA was contrary to Supreme Court law as set forth in *Jackson* on the issue of sufficiency of the evidence. Holdings by the OCCA are reviewed either under 28 U.S.C. § 2254(d)(1) or are reviewed to determine whether the OCCA made an unreasonable determination in light of the evidence presented in the state court proceeding or whether the

-19-

OCCA's holding was an unreasonable application of clearly established law. *Boltz v. Mullin*, 415 F.3d 1215, 1230 (10th Cir. 2005) (noting that the Tenth Circuit has not decided whether a sufficiency of the evidence claim presents a mixed question of law reviewed under § 2254(d)(1) or a question of fact reviewed under § 2254(d)(2)).

Under Oklahoma law and in light of this standard, Petitioner submits a reasonable fact-finder could not conclude he was guilty of murder in the first degree in violation of OKLA. STAT. tit, 21 § 1123(A)(1).        Every fact necessary to constitute the crimes were not proved beyond a reasonable doubt.  Petitioner submits that the jury's factual findings should be disturbed because the jury's verdict was not within the bounds of reason.  Petitioner submits that no rational trier of fact could find him guilty beyond a reasonable doubt of the crime in which he was convicted.

According to the OCCA's finding, since the jury found the eyewitness testimony credible, then that choice must be honored as it supports the verdict (Opinion at pg. 15).  The OCCA addressed the issue of the witnesses credibility but did not address the issue that the third element of murder in the first degree was not met except in the context of witness credibility.

Witnesses placed Mr. Morris at or near the scene – but Mr. Morris asserts that is all the witnesses did at trial.  Only one witness identified Mr. Morris as one of the individuals beating the victim.  Witness Tinner agreed that Mr. Morris was one of the four men that was beating  Rodney Perry (Vol. 2, Tr. 54, 61).  Tinner did have credibility issues when she admitted on cross-examination that in the preliminary hearing she had testified that she

answered no to the question of whether she recognized anybody at the scene (Vol. 2, Tr. 55, 56, 61, 62).  The OCCA decided that the jury resolved this question of credibility by their verdict, and that was in their finding Mr. Morris guilty (Opinion at pg. 15).

However, Mr. Morris asserts that the OCCA did not address to a constitutionally sufficient level as to how the lack of all other evidence tended to support the jury verdict. The OCCA set forth the challenges to the third element to find murder in the first degree, that the death was caused by Mr. Morris, but gave no explanation how the lack of physical or forensic evidence linking Mr. Morris to the murder supported the jury verdict (Opinion at pg. 14-15).   At trial, during her live testimony, only Tinner placed Mr. Morris actually participating along with three others in the assault upon the victim.   There were no other witnesses at trial that had Mr. Morris participating in the beating and ultimate murder[3].  The credibility issue concerned whether Tinner was being truthful because at preliminary hearing she testified under oath that she did not recognize anybody at the scene. The OCCA resolved this question by virtue of the jury's verdict.

Remaining, Mr. Morris submits, is that being present along with three other individuals does not equate with finding him guilty beyond a reasonable doubt of murdering Rodney Perry.  Notwithstanding the resolution of the credibility of Tinner by the jury and then by the OCCA, the constitutionally insufficiency of the evidence to support the jury

---

[3]

Witness Debose, not subject to cross-examination at trial because he was not present, had his preliminary hearing testimony read into evidence, wherein Mr. Morris was identified as one of the attackers (Vol. 2, Tr. 117; P.H. Tr. 50, 59, 62).

verdict is lacking.  Tinner did not testify that she saw Mr. Morris beat Rodney Perry until death.  Tinner only agreed that Mr. Morris was one of the four men that was beating and stomping Rodney Perry.  The evidence was insufficient that it was Mr. Morris that beat Rodney Perry to death, or that Mr. Morris's participation in the beating, if believed, caused Mr. Perry's death.

Mr. Morris testified at trial and denied he had been present, denied being involved in the homicide, and denied ever meeting Tinner or knowing witnesses Debose, Brazille, or the victim Rodney Perry (Vol. 3, Tr. 75, 76, 77, 78, 80, 82, 83).  Mr. Morris submits that even assuming for constitutional analysis purposes that he was present as portrayed by witness Tinner, and then by witness Brazille, it is just as plausible that Mr. Morris ceased beating Rodney Perry well before life threatening injuries occurred.  Another witness that did not see Mr. Morris beat Rodney Perry did testify about Mr. Morris at the scene.  Witness Brazille, who had run up to the mailboxes where he had been told there was a fight, testified that the three men went back around the side of the grey car where Rodney King was laying and he could hear stomping and skin slapping (Vol. 2, Tr. 134, 137, 147, 148, 157).  Brazille did not testify that Mr. Morris beat Rodney Perry or in any way struck or killed him.  Brazille placed Mr. Morris present and walking around the side of the car with the others when he heard stomping and skin slapping where Rodney Perry was laying.

Therefore, resolving witness credibility issues in favor of the state, accepting all reasonable inferences and credibility choices that tend to support the jury's verdict, does not circumvent the lack of evidence to connect Mr. Morris with committing the acts that caused

Rodney Perry's death.   There was not proof beyond a reasonable doubt of every fact necessary to establish that Mr. Morris caused the death of Rodney Perry.   Mr. Morris's conviction under the facts of the instant case violated the due process guarantees by the Fourteenth Amendment and was contrary to clearly established United States Supreme Court law.  The OCCA made an unreasonable determination in light of the evidence presented in the state court proceeding and the OCCA's holding was an unreasonable application of clearly established law.

The United States Supreme Court precedent provides that when reviewing a sufficiency of the evidence claim in a habeas corpus action "the relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson, supra.*  The OCCA adjudicated this claim on the merits, therefore, review of Petitioner's claim is subject to deference as defined by the AEDPA, 28 U.S.C. § 2254(d).

Based on the above and foregoing, Petitioner submits he has sufficiently established herein the factual findings of the OCCA should not be presumed correct.   After an independent review of the evidence, viewed in the light most favorable to the prosecution, Petitioner submits this Court will find that a rational fact finder could not have found the essential elements of the crime charged against Mr. Morris beyond a reasonable doubt. Therefore, the OCCA's determination regarding the sufficiency of the evidence was contrary

to or an unreasonable application of *Jackson*, or was an unreasonable determination of the

facts in light of the evidence presented and the court's findings violated Petitioner's rights

to due process under the law.  *See also* U.S. Const. amends. V and IVX.  Therefore, this

Petition should be granted.

**Ground Six:**

**THE TRIAL ERRORS COMPLAINED OF HEREIN
CUMULATIVELY DENIED MR. MORRIS'S RIGHT
TO A FAIR TRIAL UNDER THE UNITED STATES AND OKLAHOMA
CONSTITUTION AND THEREFORE, HIS CONVICTION
AND SENTENCE MUST BE REVERSED**
**(Raised as Ground Seven in Direct Appeal)**

**INTRODUCTION**

The accumulation of the trial errors in this case set forth herein entitles Petitioner to

habeas relief.  Oklahoma and federal law provide that a person accused of a crime is entitled

to a fair and impartial trial.  The OCCA's findings on this issue were contrary to or an

unreasonable application of federal law because the errors which occurred at Petitioner's trial

set forth herein cumulatively denied him a fair trial.  Therefore, Petitioner's conviction and

sentence must be reversed.

**ARGUMENT AND AUTHORITIES**

Petitioner has demonstrated herein actual, prejudicial errors which when taken in a

cumulative fashion, warrants reversal or modification of his convictions.  The OCCA's

determination of this issue was not reasonable.  "Cumulative error analysis applies where there are two or more actual errors;  it does not apply to the cumulative effect of non-errors. *Hoxsie v. Kerby,* 108 F.3d 1239, 1245 (10th Cir.1997), *cert. denied,* 522 U.S. 844, 118 S.Ct. 126, 139 L.Ed.2d 77 (1997).  This Court should determine if the combined errors were harmless by determining whether Petitioner's substantial rights were affected. *United States v. McKneely*, 69 F.3d 1067, 1080 (10th Cir.1995).  However, in *United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir.1990) (en banc), the Tenth Circuit noted that "[t]he only possible exception (to the above rule), is the holistic analysis conducted to determine whether the entire trial was so fundamentally unfair that defendant's due process rights were violated." Id. at 1471 n. 8.  Demonstrated herein and within Petitioner's Petition for Writ if Habeas Corpus, Petitioner has shown actual prejudicial errors.  Therefore, there was cumulative error and the OCCA's determination of this issue was not reasonable and was contrary to federal law.  Consequently, the cumulative prejudice from the errors raised herein entitles Petitioner to habeas relief.

## <u>CONCLUSION</u>

Petitioner is entitled to habeas corpus relief because the claims contained herein have been adjudicated on the merits by the state court and the state court's decision was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § §

2254(d)(1) & 2254 (d)(2).

WHEREFORE, Petitioner Howard Morris, III prays the Court grant Petitioner relief

to which he may be entitled in this proceeding.

Respectfully submitted,

s/Bill Zuhdi

Bill Zuhdi, OBA #10013

Bill Zuhdi Attorney at Law, P.C.

P.O. Box 1077

Oklahoma City, OK 73101

(405)232-1400 (office)

(405)755-9686 (facsimile)

Zlawoffice@aol.com (e-mail)

ATTORNEY FOR PETITIONER

-26-