# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HOWARD P. MORRIS, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-81-R |
| | ) | |
| RANDY WORKMAN, WARDEN, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF OKLAHOMA. | ) | |

## PETITIONER HOWARD P. MORRIS, III'S
## OBJECTION TO REPORT AND RECOMMENDATION

Petitioner, Howard P. Morris (hereinafter "Mr. Morris and/or Petitioner"), by and through his attorney of record, Bill Zuhdi, pursuant LCvR 72.1, hereby objects to the Report and Recommendation dated July 27, 2009, by the Honorable Judge Doyle W. Argo, United States Magistrate Judge.

Mr. Morris objects to the US Magistrate Judge's recommendation that the Petition for Writ of Habeas Corpus be denied. Mr. Morris incorporates herein the arguments, authorities, attachments, exhibits and facts contained within his Petition and memorandum in support of his Petition for Writ of Habeas Corpus.

## OBJECTIONS

**Grounds One and Two**

As part of Mr. Morris's objections, he states that the U.S. Magistrate Judge committed clear error in finding that, with regard to Ground One, the record of Juror Myers' examination, when considered in its entirety, does not support Petitioner's claim that the trial court should have granted a motion for mistrial after the judge met privately with the jury to discuss security concerns voiced by a juror [Doc. 15 at pg. 13]. Petitioner asserts the record amply supports Petitioner's claim and he has adequately shown the trial court committed manifest error in finding the jury as a whole was impartial. *Lucero v. Kierby*, 133 F.3d 1299, 1307 (10th Cir. 1998).

Actual prejudice was shown by petitioner and he has also shown there was such a high probability or prejudice the trial must be deemed to be inherently lacing in due process. *Lucero* 133 F.3d at 1308. The juror repeatedly voiced concern over Mr. Morris and his belief that Mr. Morris needed to be convicted. Trial Tr. Vol. 3, p. 52-56. Yes, the answers by the juror reflect a juror "who was both candid and conscientious"[1] as acknowledged by the U.S. Magistrate Judge. However, the candidness also reflects a high probability or prejudice that the trial was lacking in due process because the juror was clearly not impartial – even though he claimed he was. By his own admission, the juror was concerned that if "...we don't convict this guy, we're going to turn him loose and he's got my address. Or if we do convict

---

[1] Doc. 15 at pg. 16.

him, he's going to give it to his buddy and the buddy is going to come and get me...but I'm worried if we don't convict the guy, we're going to turn him loose in the community." Trial Tr. Vol. 3, p. 55. The juror's fear that Morris would be turned loose on the community evidences he had a preconceived notion that Mr. Morris was guilty of the charged offense and was dangerous. Though the juror told the court he could be impartial, his responses belie this assertion. Juror Myers had already affirmatively voiced his concern that Morris should not be turned loose on the community. Perhaps Juror Myers decided to stay on the jury just for that purpose – to insure Mr. Morris would not be "turned loose." Perhaps Juror Myers thought it his mission to ensure Mr. Morris would not be let go. While it is true a juror cannot be shielded from every contact or influence which can affect their vote,[2] a defendant is entitled to an impartial jury and Juror Myers's comments indicate that he was not impartial and he already knew in his mind Morris was guilty before the trial began.

Contrary to the U.S. Magistrates' finding, Petitioner clearly rebutted the presumption of correctness of the court's findings[3] by providing the actual verbiage provided by the juror as referenced in his Petition and Memorandum in Support of Petition for Writ of Habeas Corpus. *Patton v. Yount*, 467 U.S. 1025, 1036-38 (1984); Petition, p. 4-7; Memorandum in Support of Petition, p. 7. Accordingly, the magistrate's finding was incorrect and in error that the OCCA's decision was not contrary to or involved an unreasonable application of

---

[2] *Smith v. Phillips*, 455 U.S. 209, 217 (1982).

[3] Doc. 15 at pg. 18.

clearly established Federal law as determined by the Supreme Court and that the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. [Doc. 15 at pg. 18].

Regarding Ground two, Petitioner has asserted the court's initial private meeting with the jury violated his right to be present at all critical stages of the proceedings. Petition, p. 7; Memorandum in Support of Petition, p. 9. As noted by the U.S. Magistrate, the Sixth Amendment guarantees the right of a criminal defendant to be present at trial to confront witnesses and the evidence against him. *United States v. Gagnon*, 470 U.S. 522, 526 (1985) [Doc. 15 at pgs. 19, 20]. But the magistrate judge also quoted *Rushen v. Spain*, 464 U.S. 114, 125-26 (1983), which states that, "The defense has no constitutional right to be present at every interaction between a judge and a juror..." *Id*; [Doc. 15 at pg. 20] and referred to that standard when finding the "...decision of the Oklahoma Court of Criminal Appeals on this point was neither contrary to or an unreasonable application of clearly established Federal law as determined by the Supreme Court, nor was it based on an unreasonable determination of the facts in light of the record." [Doc. 15 at pgs. 20, 21]. Mr. Morris submits this finding by the U.S. Magistrate Judge was incorrect and therefore objects. In light of the record as a whole, the interaction between the trial judge and the jury thwarted Petitioner's right to a just and fair proceeding, contrary to the magistrate judge's holding.[4] Any private communication with a juror during trial about the matter pending before the jury

---

[4] Doc. 15 at pg. 21.

is deemed presumptively prejudicial. *Remmer v. U.S.*, 347 U.S. 227, 229 (1954). As was asserted by Mr. Morris in his Petition and Memorandum in support, Mr. Morris should have been present during the communications and meeting between the jurors and the judge. Mr. Morris needed to defend himself against the charges and against Juror Myer's voiced belief that Mr. Morris needed to be convicted of the crime with which he was charged or he would be turned loose on the community [Doc. 11 at pg. 9]. The juror's statements went to the core of the merits of the case and was thus a critical stage of the trial proceedings. Therefore, the U.S. Magistrate's findings were incorrect.

**Ground Four – Prosecutorial Misconduct**

Petitioner asserted in Ground Four of his Petition that the prosecutor improperly shifted the burden of proof and complained about three comments which were made in closing argument. The U.S. Magistrate Judge found that, in light of the proceedings as a whole, the remarks made by the prosecutor "...were not of such a character that the jury would naturally and necessarily shift the burden of proof to petitioner." [Doc. 15 at pg. 29] and therefore, the OCCA's resolution of the issue was "...not contrary to or an unreasonable application of clearly established federal law and relief on Ground Four of the Petition should be denied." [Doc. 15 at pg. 29]. Mr. Morris specifically objects to the U.S. Magistrate Judge's finding. The prosecutorial misconduct directly affected his specific constitutional right to remain silent. Mr. Morris was so prejudiced by the comments, it effectively amounted to a denial of his right to the presumption of innocence or privilege against self-incrimination. *Torres v. Mullin*, 317 F.3d 1145, 1158 (10th Cir. 2003). Mr. Morris believes

that the U.S. Magistrsate Judge at least in part relied on the prosecutor's statements that the defense did not have to call any witnesses, didn't have to deliver an opening or closing statement, that defense counsel and Mr. Morris could just sit there and do nothing and that it was the state's burden, in making the determination that the OCCA's resolution was not contrary to or an unreasonable application of clearly established federal law. [Doc. 15 at pg. 29]; (Trial Tr. Vol. 3, Tr. 160). Mr. Morris submits that the prosecutor's improper statements regarding his right to silence were not excused or overcome by the prosecutor's attempt to glaze over the improper comments with the comments that Mr. Morris did not have to present any evidence and could remain silent. The law is not what the prosecutor states to the jury to lessen the blow of his misconduct, but the statements that the prosecutor made themselves which were improper by impermissibly shifting the burden of proof to Mr. Morris. Therefore, the U.S. Magistrate Judge's recommendation in this instance was in error and the petition should be granted.

**Ground Three – Ineffective Assistance**

As is set forth in Ground Three, Mr. Morris asserted he received ineffective assistance of trial counsel for 1) failing to move for a new trial based on juror misconduct and 2) failing to object to comments made by the prosecutor in closing argument, in violation of his rights under the Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution [Doc. 11 at pg. 11]. In its Report and Recommendation, the U.S. Magistrate judge erroneously found that Petitioner failed to show prejudice from trial counsel's alleged ineffective assistance [Doc. 15 at pg. 23] and Mr. Morris objects to this finding. *See also* Objections to Grounds One,

Two and Four herein. The U.S. Magistrate's finding that "...no reasonable probability that the outcome of a motion for new trial on this ground would have been any different than the outcome of he motion for mistrial"[5] is also erroneous and incorrect and objected to by Mr. Morris. Mr. Morris submits that there was a presumption of prejudice regarding the juror's comments that the juror was concerned about the defendant "...writing all this stuff down.", that the juror only thought he could be fair and impartial, as well as the other statements made by juror Myers, that could have been addressed and found to be juror misconduct by the trial court that was not harmless if a motion for new trial had been requested by trial counsel (Trial Tr. Vol. 3, p. 52-56). *See U.S. v. Morales,* 108 F.3d 1213, 1223 (10th Cir. 1997), where the court determined a presumption of prejudice had arisen in a codefendant's case from a juror's improper conduct in researching the dictionary definition of distribution. *Id*. at 1223. Mr. Morris submits similarly a presumption of prejudice had arisen in his case from juror misconduct evidenced in the juror statements set forth above, and trial counsel was ineffective in failing to move for a new trial.

**Ground Five – Insufficiency of the Evidence**

After viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could not have found the essential elements of the crime in which Mr. Morris was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979). Therefore, Mr. Morris objects to the U.S. Magistrate Judge's finding to the contrary [Doc. 15 at pg. 31].

---

[5] [Doc. 15 at pg. 24].

At least one witness was incredible (Tinner) and the U.S. Magistrate Judge erred in the finding that *Jackson* foreclosed the possibility that an incredible witness could result in insufficient evidence. Mr. Morris agrees with the U.S. Magistrate Judge that under *Jackson*, the "...trier of fact has full responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; [Doc. 15 at pg. 32]. But Mr. Morris submits the law allows that in addition to the jury's responsibility as finder of fact, the Court may disregard testimony on review if the Court finds the witness is inherently incredible. *Tapia v. Tansy*, 926 F.2d 1554 (10th Cir. 1991); *Wilcox v. Ford*, 813 F.2d 1140, 1146 (11th Cir.), cert. denied, 484 U.S. 925, 108 S.Ct. 287, 98 L.Ed.2d 247 (1987). To be considered incredible, the testimony "must be unbelievable on its face, i.e., testimony as to facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." *United States v. Garner*, 581 F.2d 481, 485 (5th Cir.1978); *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir.1985), cert. denied, 475 U.S. 1051, 106 S.Ct. 1275, 89 L.Ed.2d 582 (1986); *Wilcox v. Ford*, 813 F.2d at 1146. Examination of the record shows, Mr. Morris submits, that based on Tenth Circuit law set forth above and based on *Jackson,* the evidence was insufficient to sustain his conviction.

**Ground Six – Cumulative Error**

As Mr. Morris has set forth herein in his objections to the report and recommendation, there were numerous errors that occurred in his trial. The cumulative effect of those errors deprived him of a fundamentally fair trial. Memorandum in Support of Petition, p. 24. The

U.S. Magistrate's finding that Petitioner has failed to establish any error was incorrect because there was basis upon which to find cumulative error. *United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990).

Based on the above and foregoing, Petitioner respectfully objects to the Report and Recommendation by the U.S. Magistrate Judge dated July 27, 2009.

Respectfully submitted,

s/Bill Zuhdi
Bill Zuhdi, OBA #10013
Bill Zuhdi Attorney at Law, P.C.
P.O. Box 1077
Oklahoma City, OK 73101
(405)232-1400 (office)
(405)755-9686 (facsimile)
Zlawoffice@aol.com (e-mail)
ATTORNEY FOR PETITIONER

*Certificate of Service*

I hereby certify that on September 16, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the Following ECF registrants:

Jared A. Looper
Attorney General's Office
FHC.Docket@oag.state.ok.us

s/ Bill Zuhdi
Bill Zuhdi