**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HOWARD P. MORRIS, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-09-81-R |
| ) | |
| RANDY WORKMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered July 27, 2009 [Doc. No. 15] and Petitioner's Objection to the Report and Recommendation filed September 16, 2009 [Doc. No. 21]. In support of his Objection, Petitioner incorporates by reference the arguments, authorities, attachments, exhibits and facts contained in his Petition for Writ of Habeas Corpus and his Memorandum in Support. He also makes specific objections to the findings and conclusions of the Magistrate Judge with respect to each of grounds one through five in his petition. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections.

In his first objection, directed to the Magistrate Judge's findings and conclusions as to grounds one and two, Petitioner asserts that the Magistrate Judge committed clear error in finding that the record of Juror Myers' examination does not support Petitioner's claim that the trial court should have granted a mistrial after the judge met privately with the jury to discuss a juror's voiced security concerns. Petitioner asserts that the record shows actual

prejudice by juror Myers and thus that the trial court committed manifest error in finding the jury as a whole impartial. Petitioner asserts that Juror Myers' comments indicated that he was not impartial and he already knew in his mind Morris was guilty before the trial began. Objection at p. 3.

Regarding ground two, Petitioner suggests that the trial court's meeting with the jury was presumptively prejudicial, citing *Remmer v. United States*, 347 U.S. 227, 229, 74 S.Ct. 450, 98 L.Ed 389 (1954). He submits, therefore, that the Magistrate Judge's finding that the decision of the Oklahoma Court of Criminal Appeals (OCCA) was not contrary to nor an unreasonable application of clearly established federal law nor based on an unreasonable determination of facts was incorrect.

The Court agrees with the Magistrate Judge that Petitioner has not shown that his right to an impartial jury was violated; that the trial court committed manifest error in finding that the jurors had not discussed the case, had not formed an opinion as to Petitioner's guilt or innocence and that the jury as a whole was impartial; and/or that the OCCA's decision resulted in a decision contrary to or involving an unreasonable application of clearly established federal law as determined by the Supreme Court or that the OCCA's decision was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court disagrees with Petitioner's assertion that the colloquy between the trial court and Juror Myers reveals that Juror Myers was prejudiced against Petitioner. Juror Myers indicated that he had not formed an opinion as to whether the defendant was guilty or not guilty and that he had not discussed any security concerns with

the other jurors but had merely heard another juror express a concern to which he replied the juror should find out about that. He stated that he had no doubt that he could be fair and impartial in the case and stated that "[t]hat's what I'm going to do." Juror Myers acknowledged a general concern that the defendant was taking notes and related that his concern in this regard stemmed from two things. First, Juror Myers' wife had served on a jury 15 years prior in which jurors were asked where they lived and the defendant was "writing all this stuff down," and secondly, that the case on which Juror Myers was sitting seemed like it might be a gang-related case. It is obvious from the context in which Juror Myers expressed concern over turning the defendant loose in the community if the jury convicted him or if they did convict him that the defendant was going to give his buddy Juror Myers' address and his buddy was going to "come get" Juror Myers related to the two concerns Myers expressed – that the defendant might have his address and that the case may be gang-related, and not to any belief as to the guilt or innocence of the defendant. Furthermore, Juror Myers expressed, without prompting, his willingness and ability to ignore any concern that the case might be gang-related and decide the case on the evidence presented.

  Petitioner's claim that his constitutional right to be present at all critical stages of the proceedings, rooted primarily in the Fifth and Fourteenth Amendments, was violated when the trial judge initially met privately with the jury is very similar to the claim of respondents in *United States v. Gagnon*, 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985), who complained of the trial judge's meeting with a juror who had complained that one of the

respondents had been sketching portraits of the jury. When informed by the bailiff of the juror's concern, the trial judge first ordered respondent Gagnon to cease sketching jurors' portraits and then met with the juror, in Gagnon's attorney's presence, in chambers. In chambers the judge assured the juror that respondent Gagnon was an artist, meant no harm, that the sketches had been confiscated and that Gagnon would sketch no more. The juror advised the judge that there had been no general discussion about the sketching by other jurors and stated that he was willing to continue as an impartial juror in response to the judge's inquiry. The United States Supreme Court held that the "respondents' rights under the Fifth Amendment Due Process Clause were not violated by the *in camera* discussion with the juror." *United States v. Gagnon*, 470 U.S. at 526, 105 S.Ct. at 526, 84 L.Ed.2d at 490. Observing that "the Fifth Amendment does not require that all the parties be present when the judge inquires into such a minor occurrence," 470 U.S. at 527, 105 S.Ct. 1482, 84 L.Ed.2d at 491, the Court concluded that the presence of the four respondents and their counsel was not required to ensure fundamental fairness or a "reasonably substantial . . . opportunity to defend the charge." *Gagnon*, 470 U.S. at 527, 205 S.Ct. 1482, 84 L.Ed.2d at 490 (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed 674 (1934)). Consistent with the Supreme Court's holding in *Gagnon*, the Court agrees with the Magistrate Judge that no due process violation occurred and that the OCCA's decision to that effect was not contrary to or an unreasonable application of clearly established federal law determined by the Supreme Court nor was it based on an unreasonable determination of the facts in light of the record. *See Rushen v. Spain*, 464 U.S. 114, 125-36, 104 S.Ct. 453, 78 L.Ed.2d 267

(1983)(Stevens, J., concurring in judgment)(no constitutional right to be present at every interaction between a judge and a juror nor to have every such communication transcribed); *Bland v. Sirmons*, 459 F.3d 999, 1020-21 (10th Cir. 2006)(no constitutional right to be present during all communications between a judge and a juror; such right to be present exists only to the extent that a fair hearing would be thwarted by the defendant's absence). Although prejudice is presumed when there is a private communication with a juror during a criminal trial about a matter pending before the jury, *see Remmer v. United States*, 347 U.S. 227, 229, 74 S.Ct. 450, 98 L.Ed 654 (1954), and when there is an *improper ex parte* communication between a juror and a judge, *see Bodine v. Warden of Joseph Harp Correctional Center*, 217 Fed. Appx. 811, 816, 2007 WL 53444 (10th Cir., Feb. 22, 2007)(No. 06-6264); *Smallwood v. Gibson*, 191 F.3d 1257, 1279 (10th Cir. 1999), no improper *ex parte* communication between the judge and the jury occurred in Petitioner's case. However, even if the *ex parte* communication was improper and Petitioner's constitutional right to be present was violated, "the error was harmless, that is, it had no substantial and injurious effect or influence in determining the jury's verdict." *Ricafort v. Carey*, 2008 WL 1701732 at *6 (N.D. Cal. April 10, 2008)(No. C-05-3612-MHP)(quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)(internal quotation omitted)); *Atwood v. Mapes*, 2004 WL 359466 at * 17 (N.D. Iowa Feb. 25, 2004)(No. C03-0034-MWB)(quoting *Penry v. Johnson*, 532 U.S. 782, 795, 121 S.Ct. 1910, 1919-20, 150 L.Ed.2d 9 (2001)(internal quotations omitted)).

Addressing the Magistrate Judge's findings and conclusions with respect to ground

four, prosecutorial misconduct in purportedly shifting the burden of proof to Defendant as a result of comments made during closing argument, Petitioner asserts that "the prosecutor's improper statements regarding . . . [Defendant's] right to silence were not excused or overcome by the prosecutor's attempt to glaze over the improper comments with the comments that Mr. Morris did not have to present any evidence and could remain silent." Objection at p. 6.  Irrespective of the prosecutor's references to the presumption of innocence, the privilege against self-incrimination, the State's burden of proof and the absence of any obligation on the part of the Defendant to present any evidence, the comments of the prosecutor about which Defendant complains, when considered in the context of the entire trial, were nothing more than fair comments on Defendant's own testimony and Defendant's failure to successfully impeach or undermine the credibility of eyewitnesses' testimony through cross-examination or otherwise.  The comments did not shift any burden of proof or production to the Defendant.  *A fortiori*, the comments did not so infect the trial with unfairness as to render the resulting conviction a denial of due process, *see Patton v. Mullin*, 425 F.3d 788, 811 (10th Cir. 2005) or so prejudice the Defendant's right to a presumption of innocence or privilege against self-incrimination to amount to a denial of either of those rights. *See Hamilton v. Mullin*, 436 F.3d 1181, 1187 (10th Cir. 2006)(citing *Torres v. Mullin*, 317 F.3d 1145, 1158 (10th Cir. 2003).  Thus, the Court agrees with the Magistrate Judge that the OCCA's resolution of this claim was not contrary to and did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court and was not based on an unreasonable determination of facts.

Petitioner objects to the findings and conclusions of the Magistrate Judge with respect to ground three, alleged ineffective assistance of counsel, arguing that the finding that there was no reasonable probability that the outcome of a new trial motion would have been different than the outcome of the motion for mistrial is incorrect and that a presumption of prejudice arose from Juror Myers' statements, citing *United States v. Morales*, 108 F.3d 1213, 1222 (10th Cir. 1997).  However, no presumption of prejudice arose from the trial judge's initial private conversation with the jury because that communication was not improper and in any event harmless.  *See* above.  No presumption of prejudice arises from Juror Myers' conduct.  He did not engage in juror misconduct.  He and other jurors were questioned by the trial court and defense counsel only because the trial court informed counsel of her brief conversation with the jury about a juror's security concerns and defense counsel moved for a mistrial and individual voir dire of the jurors.  Juror Myers' statements revealed no juror misconduct and no actual prejudice on his part.  The Court agrees with the Magistrate Judge that there was no reasonable probability that the result of a new trial motion would have been different than that of the mistrial motion and hence that Petitioner has not shown that he was prejudiced by his counsel's failure to move for a new trial.  Moreover, the failure of Petitioner's counsel to move for a new trial in light of Juror Myers' statements was not objectively unreasonable.  With respect to trial counsel's failure to move for a new trial based upon the prosecutor's alleged improper comments, as indicated above, the comments were not improper and did not prejudice any rights of the Petitioner or render his trial fundamentally unfair.  Hence, his trial counsel's failure to move for a new trial on the basis

of the alleged prosecutorial misconduct was not professionally unreasonable and there is no reasonable probability that the trial court would have found that the defendant's "substantial rights had been prejudiced. . . ." Okla. Stat. tit. § 952.

In his Objection directed to the Magistrate Judge's conclusion that the evidence was sufficient to support Petitioner's conviction for first degree murder under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Petitioner suggests that the Magistrate Judge erred in failing to consider that a court may on review completely disregard the testimony of a witness that it finds is "inherently incredible," citing *Tapia v. Tansy*, 926 F.2d 1554, 1562 (10th Cir. 1991). He suggests that the testimony of Demetria Tinner was inherently incredible. But the testimony of Ms. Tinner was not unbelievable on its face, that is testimony as to facts she could not possibly have observed or as to events that under the laws of nature could not have occurred.. *See Tapia v. Tansy*, 926 F.2d at 1562 (citations omitted). Viewing the evidence in the light most favorable to the prosecution, including the testimony of Ms. Tinner as well as that of Kurt Brazille and Dewan Debose, a rational jury could have found Defendant guilty of first degree murder beyond a reasonable doubt. Neither the Magistrate Judge nor the OCCA erred in failing to disregard Ms. Tinner's testimony.

Because the Court, like the Magistrate Judge, has found no errors, there can be no cumulative error and Petitioner's assertion of same is without merit.

In accordance with the foregoing, the Report and Recommendation of United States Magistrate Judge Doyle W. Argo [Doc. No. 15] is ADOPTED in its entirety and the petition

of Howard P. Morris, III for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

IT IS SO ORDERED this 8th day of October, 2009.

_/s/ David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE