FILED
United States Court of Appeals
Tenth Circuit

June 11, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

HOWARD P. MORRIS, III,

    Plaintiff–Appellee,

v.

RANDY WORKMAN, Warden,

    Defendant–Appellant.

No. 09-6248
(D.C. No. 5:09-CV-00081-R)
(W.D. Okla.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

    Howard P. Morris, III, seeks a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the district court, we deny a COA and dismiss the appeal.

    Morris was convicted of first degree murder in Oklahoma state court. After the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction, Morris filed a § 2254 habeas petition in federal district court. The district court denied the petition and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

did not grant a COA. Accordingly, Morris may not proceed on appeal absent a grant of a COA by this court. § 2253(c)(1)(A). To obtain a COA, Morris must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). He is entitled to federal habeas relief only if the OCCA's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented." § 2254(d)(1), (2).

Morris first contends that the trial court violated his constitutional rights by failing to grant a mistrial due to juror bias. The Sixth and Fourteenth Amendments guarantee a defendant the right to an impartial jury. Goss v. Nelson, 439 F.3d 621, 627 (10th Cir. 2006). Habeas relief based on juror partiality is available only if a petitioner demonstrates "manifest error." Lucero v. Kerby, 133 F.3d 1299, 1308 (10th Cir. 1998) (quotation omitted). To do so, Morris "must demonstrate either that the trial resulted in actual prejudice or that it gave rise to a presumption of prejudice because it involved such a probability that prejudice will result that it is deemed inherently lacking in due process." Id. (quotation omitted).

During trial, members of the jury expressed security concerns after noticing Morris was taking notes during voir dire. The judge and Morris' counsel then

interviewed individual jurors regarding this issue. One juror worried that he might be in danger whether or not Morris was convicted. Defense counsel consequently moved for a mistrial, which the court denied. After reviewing the record, the OCCA concluded that the trial court did not abuse its discretion in not granting a mistrial because every juror denied discussing the substance of the case and each expressed a willingness to consider the evidence impartially. This determination was not contrary to clearly established federal law, nor did it involve an unreasonable determination of the facts. Although one juror did expressed apprehension that Morris and his friends knew personal juror information, he also stated that: (1) he had not yet formed an opinion regarding Morris' guilt; (2) the jurors had not discussed the case; (3) he could be fair and impartial; (4) he would consider only the evidence presented in court; and (5) he could not take into account his security concerns in reaching a verdict. In light of these statements, the trial court did not manifestly err.

Morris further argues that the trial court violated his right under the Sixth and Fourteenth Amendments to be present at all stages of his trial. A defendant is entitled to be present at each stage of his criminal proceedings "to the extent that a fair and just hearing would be thwarted by his absence." Bland v. Sirmons, 459 F.3d 999, 1020-21 (10th Cir. 2006). "When the defendant's presence would be useless . . . due process does not require [his] presence . . . ." Id. at 1021 (quotation omitted).

After the jury inquired about Morris' note taking, the judge spoke to the jury to

assure them she had never heard of a defendant threatening a juror, inform the jury that Morris could not remove anything from the courtroom, and provide a probable explanation for Morris' note taking.  As the district court concluded, Morris' presence would have been at best useless and at worst counter-productive to the trial court's attempt to reassure the jury.  We take the district court's view of the matter.

Next, Morris asserts that the prosecutor improperly shifted the burden of proof when he made certain statements during closing arguments.  "Where prosecutorial misconduct directly affects a specific constitutional right such as the presumption of innocence," a petitioner may obtain relief by demonstrating "that the constitutional guarantee was so prejudiced that it effectively amounted to a denial of that right."  Torres v. Mullin, 317 F.3d 1145, 1158 (10th Cir. 2003).

The OCCA correctly concluded that the prosecutor's statements were permissible.  Morris testified that three witnesses who identified him at trial were lying or mistaken.  During closing, the prosecutor noted the absence of evidence suggesting the witnesses had lied, and stated that Morris failed to present such evidence despite his right to do so.  Considering the challenged statements in context, we conclude that the prosecutor merely argued that the evidence did not support Morris' defense theory.  See United States v. Simpson, 7 F.3d 186, 190 (10th Cir. 1993) (collecting cases permitting prosecutorial comment on lack of evidence supporting defendants' theories).  Moreover, the prosecutor reiterated the presumption of innocence and the government's burden of proof several

times during closing.  We reject Morris' contention that the burden of proof was shifted.

Morris' fourth argument is that the evidence presented at trial was insufficient to support a finding that he caused the victim's death.  On direct appeal, the OCCA applied the correct standard under Jackson v. Virginia, 443 U.S. 307, 319 (1979) by asking whether "any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt" when viewing the evidence "in the light most favorable to the prosecution."  Sufficiency of the evidence is a mixed question of law and fact that we review under § 2254(d)(1) and (2).  Maynard v. Boone, 468 F.3d 665, 673 (10th Cir. 2006).

Morris' claim fails under both standards.  The OCCA correctly determined that a rational jury could conclude beyond a reasonable doubt that Morris caused the victim's death based on the evidence presented a trial.  Three witnesses testified that they observed Morris participate in beating the victim.  A forensic pathologist testified at trial that the victim's injuries were consistent with being beaten, and that the cause of death was a head injury.  Although Morris contends that these witnesses were not credible, the OCCA was obligated to view the evidence in the light most favorable to the prosecution. Jackson, 443 U.S. at 319.

For his final argument, Morris claims that cumulative errors violated his right to due process.  Because he has failed to establish any error, relief based on cumulative error is unavailable.  See United States v. Caballero, 277 F.3d 1235, 1250 (10th Cir.

2002).

      For the foregoing reasons, we **DENY** Morris' application for a COA and **DISMISS** the appeal.

                                        Entered for the Court

                                        Carlos F. Lucero
                                        Circuit Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | June 11, 2010 | Douglas E. Cressler<br>Chief Deputy Clerk |

Mr. Bill Zuhdi
P.O. Box 1077
Oklahoma City, OK 73101

**RE:**   **09-6248, Morris, III v. Workman**
          Dist/Ag docket: 5:09-CV-00081-R

Dear Counsel:

Enclosed is a copy of a final order dismissing the appeal entered today in the captioned case.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:   Jared A. Looper

EAS/kf